# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LOUIS MULLEN | : | |
| | : | |
| v. | : | Civil No. CCB-10-1879 |
| | : | Criminal No. CCB-07-0205 |
| UNITED STATES OF AMERICA | : | |

## MEMORANDUM

Now pending before the court is federal prison inmate Louis Mullen's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Mr. Mullen alleges that the trial court committed various errors at his sentencing. For the following reasons, the petitioner's motion will be denied.

## BACKGROUND

On May 1, 2007, Mr. Mullen was indicted for bank robbery in violation of 18 U.S.C. § 2113(a) and (f). Mr. Mullen, who was represented by Assistant Federal Public Defender Frank Draper, pleaded guilty to the one-count indictment on July 18, 2007. On November 13, 2007, this court determined that Mr. Mullen qualified as a career offender due to three prior felony convictions and sentenced him to 151 months imprisonment. Mr. Mullen appealed his sentence to the Fourth Circuit, where it was affirmed on February 17, 2009. Mr. Mullen then filed a petition for certiorari in the United States Supreme Court, which was denied on October 5, 2009.

On July 12, 2010, Mr. Mullen filed a motion to vacate his sentence under 28 U.S.C. § 2255. The government concedes that Mr. Mullen's motion is timely, but has opposed the motion

1

on other grounds.

## STANDARD OF REVIEW

To state a claim for relief under 28 U.S.C. § 2255, a defendant must prove that one of the following occurred: (1) his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) the "court was without jurisdiction to impose such a sentence"; or (3) the "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the prisoner succeeds in making that showing, "the court shall [1] vacate and set the judgment aside and shall discharge the prisoner or [2] resentence him or [3] grant a new trial or [4] correct the sentence as may appear appropriate." *Id.* § 2255(b).

## ANALYSIS

### A. Trial Court Error Claims

Mr. Mullen argues that his sentence should be vacated because the court: (1) erred in sentencing him as a career offender; (2) sentenced him according to the mistaken notion that the Sentencing Guidelines were mandatory; and (3) should have granted him a downward departure for diminished capacity. All of these claims are foreclosed from review.

A defendant may not relitigate issues previously rejected on direct appeal under the guise of a collateral attack. *See United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004) (citing *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976)). Mr. Mullen argued on direct appeal that court erred in sentencing him as a career offender based on his prior convictions for resisting arrest and robbery. The Fourth Circuit rejected the argument, holding that Mr. Mullen's prior convictions for resisting arrest and robbery were sufficient to support the court's determination that he was a career offender. *See United States v. Mullen*, 311 Fed. App'x

621, 623-24 (4th Cir. 2009).[1] Mr. Mullen, therefore, may not relitigate the issue through a § 2255 petition. The claim is foreclosed from review.

Mr. Mullen's remaining two claims are barred by procedural default. A sentence may be challenged through a § 2255 motion based on errors that could have been, but were not, pursued on direct appeal in two narrow circumstances: (1) if the petitioner can show cause and actual prejudice resulting from the errors of which he complains; or (2) if the petitioner can demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). Mr. Mullen did not pursue a direct appeal of his sentence based on an alleged misapplication or miscalculation of the guidelines, and neither exception to the waiver of his claims applies.

Moreover, there is no evidence that the court sentenced Mr. Mullen under the mistaken notion that the Sentencing Guidelines were mandatory. The court explicitly stated that the Sentencing Guidelines were advisory at Mr. Mullen's sentencing and evaluated whether the petitioner should be sentenced below the advisory guideline range based on the factors listed under 3553(a).

> THE COURT: All right. Well, we've already, for the reasons discussed, calculated the Advisory Guideline range, which is, in the career offender category, from 151 to 188 months, and the question is under 3553(a), where in that range or below that range the sentencing should be.
>
> . . . .
>
> I have got to, looking at 3553(a), considering the nature and circumstances of this offense, the seriousness of it, the need to protect the public, balancing against that your personal issues, the fact that drugs is a lot of it, puts me within the Guideline range. I'll sentence at the bottom of the Guideline range, but I do not see this as a basis for varying.

---

[1] The effect of the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), was explicitly considered by the court.

(Sentencing Tr. 49:14-19; 50:25-51:7.)

There also is no evidence on the record that Mr. Mullen was entitled to a downward departure for diminished mental capacity. At sentencing, Mr. Mullen's defense counsel requested a downward departure based on his work history, difficult childhood, and drug addiction. No evidence, however, was submitted to support the argument that Mr. Mullen committed the offense "while suffering from a significantly reduced mental capacity" or that a "significantly reduced mental capacity contributed substantially to the commission of the offense," as is required by the Sentencing Guidelines. U.S. Sentencing Guidelines Manual § 5K2.13 (2010). Accordingly, these claims are foreclosed from review.

### B. Modification of Sentence

Mr. Mullen also argues that he is entitled to a sentence modification because he has completed a number of prison programs and earned 21 hours of college credit while incarcerated. Although Mr. Mullen's achievements while incarcerated are commendable, post-conviction conduct does not serve as a basis to modify his sentence under § 2255. This claim must therefore be denied.

### C. Certificate of Appealability

A prisoner seeking a motion to vacate under § 2255 is not automatically entitled to appeal a district court's denial of the motion. 28 U.S.C. § 2253(c)(1)(B). An appeal may only be taken from a final order in a proceeding under § 2255 if "a circuit justice or judge issues a certificate of appealability." *Id.*; *see also* Local Rule of the Fourth Circuit 22(b)(1) ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or

district judge issues a certificate of appealability under 28 U.S.C. § 2243(c)."). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make the necessary showing, a petitioner's burden depends on whether constitutional claims were rejected on the merits or on procedural grounds. If they were rejected on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). If the claims were rejected "on procedural grounds . . . without reaching the prisoner's underlying constitutional claim," the petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473 (2000). The court will not issue a certificate of appealability because Mr. Mullen has not made the requisite showing.[2]

## CONCLUSION

For the foregoing reasons, Mr. Mullen's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 will be denied. A separate Order follows.


August 25, 2011　　　　　　　　　　　　　　　　　／s／
Date　　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2] The petitioner may still request a certificate of appealability from the Fourth Circuit.

5